UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LYMAN SPURLOCK,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-1029-DRL-MGG

BENJAMIN, PAROLE OFFICER, and E
SQUAD OFFICER,

    Defendants.

OPINION AND ORDER

Lyman Spurlock, a prisoner without a lawyer, filed a vague, confusing complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Spurlock sues a probation officer named Benjamin, an unknown parole officer, and an unknown E-Squad[1] officer for events that occurred at Miami Correctional Facility on June 22, 2023, at 4:40 in the morning. In his account, he describes that he was strip-

---

[1] E-Squad is short for Emergency Squad, an emergency response team whose primary mission is disturbance and crowd control and escape search. *See* Ind. Dep't of Corr., *Emergency Response Operations*, https://www.in.gov/idoc/operations/ero/ (last visited Apr. 2, 2024).

searched in his cell, then made to walk outside in only his boxer shorts, t-shirt, and shower shoes to another unit, where he was held for six hours in a cell that was freezing cold because a vent was blowing cold air into it. That cell did not have a working sink or toilet, and he was not provided a mattress, blanket, or sheet for the six hours he was held there, so he was unable to keep warm. Further, because he was wearing only boxer shorts and a t-shirt, female officers were able to see his genitals through the fabric as he was walking to the other unit.

Mr. Spurlock does not explain why a probation officer and a parole officer would be involved in events that occurred inside the prison, nor does he explain why an E-Squad officer, who is trained specifically to deal with emergency situations, would be involved in the search. Additionally, he says the strip search was "unreasonable" and "motivated by a desire to harass or humiliate and cause psychological pain," but does not otherwise provide details about the search. ECF 1 at 2. It is true that the Eighth Amendment "safeguards prisoners against the use of searches that correctional officers subjectively intend as a form of punishment" and the Fourth Amendment "protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020) (en banc). However, Mr. Spurlock provides no facts to support his legal conclusion that the search was unreasonable.

The complaint is short on facts and specifics about the circumstances surrounding the events that happened at the prison. Based on what the complaint does say, it is not

2

plausible to infer that Mr. Spurlock's constitutional rights were violated. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Spurlock believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available

3

from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Lyman Spurlock until **May 7, 2024**, to file an amended complaint; and

(2) CAUTIONS Lyman Spurlock if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 3, 2024                               *s/ Damon R. Leichty*
                                            Judge, United States District Court